UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 8:03-cr-226-CEH-TGW

JAMES EDWARD HOWZE, JR.
_____/

**ORDER**

This matter comes before the Court on Defendant James Edward Howze, Jr.'s Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 490). In the motion, Defendant requests compassionate relief because he suffers from Hepatitis C and a resultant weakened immune system, which substantially diminishes his ability to engage in appropriate self-care while in prison during the COVID-19 pandemic under U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). The Government filed a response in opposition (Doc. 491). After filing his motion, Defendant filed a supplement in February 2021, discussing the conditions at his correctional facility and noting that he has since turned 65 years old, maintaining that he now meets the "Age of Defendant" criteria under U.S.S.G. § 1B1.13 cmt. n.1(B) to establish an independent extraordinary and compelling reason supporting his compassionate release given his deteriorating health (Doc. 492). The Court, having carefully considered the motion, the record, the parties' submissions, and being fully advised in the premises, will grant Defendant's Motion for Compassionate Release.

1

## I. BACKGROUND

Defendant, who is now 66 years old, is serving a 360-month sentence at FPC Pensacola. *See* Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed March 8, 2022). Arrested in June 2003, he has been incarcerated for almost 19 years. This case involves Defendant's manufacture of methamphetamine and felonious firearm possession. Doc. 1; Doc. 93 at 14–15. Defendant, a former methamphetamine addict, cooked methamphetamine and sold or shared small quantities with other individuals. PSR ¶¶ 19, 26, 33. He was arrested in the Northern District of Florida for a firearm offense that was later transferred to the Middle District of Florida and considered as part of the offense conduct underlying this case. PSR ¶ 61; *see also* Case No. 8:03-cr-226-EAK-MSS.[1] Defendant pleaded guilty in both cases. *See* Doc. 93.

Prior to sentencing in this case, Defendant moved to withdraw his plea. Doc. 202. That motion was denied. Doc. 211. At a February 18, 2005 sentencing hearing, Defendant and the Government raised several objections to the presentence investigation report and the guidelines calculations contained therein. Doc. 268-1 at 4–137. The Government's motion to remove all points for Defendant's acceptance of responsibility was granted. *Id.* at 135. Defendant's base offense level was determined to be 34. PSR ¶ 60. With enhancements for possessing a dangerous weapon—the offense conduct charged in the related case—and for creating a substantial risk of harm

---

[1] Defendant was sentenced to a concurrent sentence of 120 months' imprisonment in Case No. 8:03-cr-226-EAK-MSS, which was for his felonious possession of a firearm in violation of 18 U.S.C. § 922(g). Defendant states that he has satisfied the term of imprisonment imposed in that case, and he moves for relief only in this case. Doc. 490 at 2 n.2.

2

and for being an organizer, his offense level totaled 43. With a criminal history category of VI, Defendant's guideline range was Life Imprisonment, and he was sentenced to life imprisonment as to the instant offense, to be followed by a five-year term of supervised release. Doc. 268-1 at 141–42. His appeal was dismissed on account of his plea agreement's appeal waiver. *See* Doc. 348. In 2016, Defendant's sentence was reduced to 360 months pursuant to Amendment 782. Docs. 432, 435.

Defendant filed the instant motion on October 9, 2020, requesting modification of his sentence to time served due to his suffering from Hepatitis C, which increases his risk of complications from COVID-19 infection on account of a weakened immune system. Doc. 490. Defendant's motion included medical records to support his claim. Doc. 490-3. The Government opposes Defendant's motion, arguing that the Bureau of Prisons has taken action to mitigate the effects of COVID-19, that Defendant's medical ailments are well-controlled and do not present any impediment to his ability to provide self-care in the institution, and that the § 3553(a) factors weigh against granting compassionate release. Doc. 491. Defendant thereafter filed a supplement to his motion, wherein he raised concerns regarding the conditions at his place of incarceration and maintained that he remained vulnerable to increased risk of severe illness from COVID-19. Doc. 492. Further, Defendant, having been in custody for over 17 years, noted that he has turned 65 years old since the filing of his motion, and he was suffering from chronic impairments that cause a serious deterioration in his physical health, qualifying him for relief under U.S.S.G. § 1B1.13 cmt. n.1(B) regarding "Age of the Defendant." *Id.*

During his time in custody, Defendant has earned his GED, taken a number of educational courses, been employed in UNICOR, and is assigned as a suicide companion. He has not incurred a disciplinary infraction. He also completed the Challenge Program for inmates with substance abuse problems and/or mental illnesses. Docs. 490 at 7; 490-1.

## II.     LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations and citation omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
> 
> (1) in any case—
> 
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

4

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (A) the inmate has either exhausted his or her administrative appeal rights of the Bureau of Prison's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (B) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (C) the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* §3582(c)(1)(A).

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III. DISCUSSION

#### a. Defendant has Satisfied Administrative Exhaustion Requirement

Defendant first submitted a request for compassionate release on April 3, 2020, which was denied by the warden on April 7, 2020. He submitted another request on May 30, 2020 and was again denied June 4, 2020. Docs. 490-4, 490-5. The Court finds, and the Government does not argue to the contrary, that Defendant has exhausted administrative remedies. The Court turns to the merits of Defendant's claim.

#### b. Extraordinary and Compelling Reason

The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. Section 1B1.13 identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the

---

applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

6

defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D). The Court may grant compassionate release under one or more criteria. *See id.* Pertinent here, Defendant contends his medical condition of Hepatitis C makes him more vulnerable to severe infection from COVID-19, his advanced age, and "other" reasons provide an extraordinary and compelling basis for release. Docs. 490, 492.

According to the Sentencing Commission's policy statement on compassionate release, the "Age of the Defendant" qualifies as an extraordinary and compelling reason to support a sentence reduction if the defendant: (1) "is at least 65 years old;" (2) "is experiencing a serious deterioration in physical or mental health because of the aging process;" and (3) "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, cmt. 1(B). Defendant clearly satisfies the first and third criteria as he is 66 years old and has been incarcerated since June 2003. Regarding the second factor, Defendant contends that he suffers from deteriorating health conditions due to the aging process. Specifically, he claims he suffers from Hepatitis C and a resultant weakened immune system.

In support of his motion, Defendant submitted medical records, which included a chart of "Health Problems" that identifies his medical conditions including, among other problems, Hepatitis C, dermatophytosis of the body, osteoarthrosis, and dental issues. Doc. 490-3. The Government acknowledges Defendant's weakened immune system due to his Hepatitis C may present a CDC-recognized risk factor. Doc. 491 at 8. Authorities show that long-term Hepatitis C infections weaken the immune system.

7

Trinity Coll. Dublin, *How Hepatitis C 'Ghosts' Our Immune System,* Science Daily (June 5, 2019). https://www.sciencedaily.com/releases/2019/06/190605105940.htm (last accessed Mar. 8, 2022).

Further, Defendant's motion relies on his vulnerability to severe illness from COVID-19 on account of his medical condition. The Third Circuit has observed, and many district courts have agreed, that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). However, the Court recognizes that the pandemic, coupled with Defendant's particular health conditions, pose a greater risk to this Defendant.[3] Additionally, given Defendant's age, he is at a significantly higher risk of death should he contract COVID-19. According to the Centers for Disease Control ("CDC"), individuals in the age range of 65 to 74 have a five times greater risk of being hospitalized and a 90 times greater risk of death from COVID-19 than individuals who are in the age range of 18 to 29.

The Court finds that Defendant, who is 66 years old, is experiencing a serious deterioration in physical health because of the aging process. And since Defendant has

---

[3] In accordance with the Eleventh Circuit's opinion in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), this Court declines to find that the pandemic, coupled with health conditions, constitute an extraordinary and compelling reason under the catchall "other" reasons category. *Id.* at 1263–65 (holding that the language "[a]s determined by the Director of Bureau of Prisons" contained within the catch-all provision precludes district courts from finding extraordinary and compelling reasons beyond those specified by the Sentencing Commission in Section 1B1.13).

served nearly nineteen years in prison, he has met his burden of establishing that extraordinary and compelling reasons justify compassionate release under the sentencing guidelines. *See* U.S.S.G. § 1B1.13, cmt. 1(B).

### c. Section 3553(a) Factors Support a Reduction in Sentence

Having found that Defendant demonstrates extraordinary and compelling reasons for compassionate release, the Court must next consider the factors identified in 18 U.S.C. § 3553(a) to determine whether it can conclude that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3412(g)," U.S.S.G. § 1B1.13(2), and whether a reduction of his sentence is consistent with the Sentencing Commission's policy statements, 18 U.S.C. § 3582(c)(1)(A). Upon review of the record and having considered the § 3553(a) factors, the Court determines that Defendant is not presently a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(2); 18 U.S.C. §3142(g). The Court finds persuasive the factually similar case of *United States v. Smith*, 482 F. Supp. 3d 1218 (M.D. Fla. 2020), in which the court granted compassionate release to Smith who is 70 years old, had served twenty- three years of a life sentence, and who suffered from medical conditions that resulted in his deteriorating health, particularly given the potential for exposure to COVID-19. In that case, the court observed:

> Statistics show that age exerts a powerful influence on the recidivism rate, which declines as offenders get older. *The Effects of Aging on Recidivism Among Federal Offenders*, at 3, 23, United States Sentencing Commission (2017), available at https://www.ussc.gov/sites/default/files/pdf/research-andpublications/researchpublications/2017/20171207_Recidivism-Age.pdf. According to the Sentencing Commission, offenders

9

> aged 65 and older, like [defendant], are the least likely to be rearrested, reincarcerated, or reconvicted. *Id.* at 23.

*Smith*, 482 F. Supp. 3d at 1226. Defendant here is 66 years old. According to his BOP disciplinary record, he has not incurred any disciplinary infractions. Doc. 490-1. Further, Defendant has made an apparent effort while in prison to demonstrate his efforts at rehabilitation. While incarcerated, Defendant has taken numerous courses, including educational classes and drug treatment programs, and he has obtained his GED. *Id.* at 1–2. Given his age, his demonstrated effort, his desire to better himself, and his good behavior, the Court is persuaded that Defendant does not pose a danger to any other person or to the community. S*ee* U.S.S.G. § 1B1.13(2).

Section 3553(a) also requires a sentencing court to consider, among other factors, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. 18 U.S.C. § 3553(a)(2). It also requires the sentencing court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), the sentencing range established by the sentencing guidelines, § 3553(a)(4)(A), and the need to avoid unwarranted sentencing disparities, § 3553(a)(6). Defendant has been incarcerated nearly two decades, which weighs in favor of finding that his sentence reflects the seriousness of the offense, he has been justly punished, and that the punishment promotes respect for the law. Although the Court finds Defendant unlikely to reoffend, his five-year term of supervised release should effectively deter any risk of reoffending. In view of the §

3553(a) factors, reducing Defendant's term of imprisonment to time served with a five-year term of supervised release is consistent with the applicable policy statements issued by the Sentencing Commission.

## IV.   CONCLUSION

The Court finds that Defendant's age, declining health, and term of incarceration combine to constitute an extraordinary and compelling reason to grant his request for compassionate release under section 603 of the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A). In granting this motion, the Court has considered the § 3553(a) factors and concludes that Defendant does not pose a danger to the safety of any person or the community and further finds that a reduction in his sentence to time served, with a five-year term of supervised release, is consistent with the Sentencing Commission's policy statements. Accordingly, it is hereby

**ORDERED:**

1.   Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 490) is **GRANTED**.

2.   The Court reduces Defendant James Edward Howze, Jr.'s term of imprisonment to **TIME SERVED**. Upon his release from prison, Defendant will begin a five-year term of supervised release, subject to the mandatory and standard conditions of supervised release adopted by the Court in the Middle District of Florida.

3.   There being a verified residence and an appropriate release plan in place (Doc. 496), James Edward Howze, Jr. shall be released as soon as appropriate travel

arrangements are made. There shall be no delay in ensuring travel arrangements are made.

      **DONE AND ORDERED** in Tampa, Florida on March 8, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any